**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|

DARYNA KOVAL, SIARHEI KOVAL,

                              Petitioner-Plaintiffs,

             v.

BRADFORD BELL Charge d'Affaires,
U.S. Embassy in Switzerland, MARCO
RUBIO, Secretary of the U.S. Department
of State

                        Respondent-Defendants.

**Civil Action No. 25-cv-3433 (SRC)**

**OPINION & ORDER**

**CHESLER**, District Judge

       Before the Court is Respondent-Defendants Bradford Bell, Charge d'Affaires, U.S. Embassy in Switzerland, and Secretary of the U.S. Department of State, Marco Rubio's, (collectively, "Defendants") Motion to Dismiss Petitioner-Plaintiffs Daryna Koval and Siarhei Koval's (collectively, "Plaintiffs") Petition for Writ of Mandamus and Complaint for Injunctive Relief pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), (D.E. No. 9 (the "Motion")). The Court has considered the parties' submissions, (D.E. No. 9 ("Def.'s Mov. Br."); D.E. No. 10 ("Pl.'s Opp. Br."); D.E. No. 11 ("Def.'s Reply Br.")). As to the merits of the Motion, the Court will reserve decision pending supplemental briefing from the parties.

On May 5, 2024, Plaintiff Daryna Koval was selected as a lottery winner of the Diversity Immigrant Visa Program for the 2025 fiscal year. (D.E. No. 1 ("Compl.") ¶ 3.) On May 11, 2024, Plaintiff Daryna applied for a diversity immigrant visa for herself, and her husband, Plaintiff Siarhei Koval, applied for a diversity immigrant visa as a derivative applicant. (Id. ¶ 5.) Plaintiffs appeared for an interview at the U.S. Embassy in Switzerland on October 8, 2024. (Id. ¶ 6.) At the end of the interview, a consular officer informed Plaintiff Siarhei Koval that his visa application would be placed into "administrative processing" pending requests for additional information. (Id. ¶¶ 10, 30.) The consular officer also informed Plaintiff Daryna Koval that additional information was required for her visa application. (Id. ¶ 30.) Following the interview, both Plaintiffs submitted the requested information. (Id. ¶¶ 31-32.) On January 16, 2025, Plaintiffs contacted the U.S. Embassy in Switzerland to inquire about the status of their visa applications and Plaintiff Daryna Koval was informed that she could obtain her visa separately from her husband. (Id. ¶ 33.) On January 24, 2025, Plaintiff Daryna Koval's visa was issued while Plaintiff Siarhei Koval's visa application remained in administrative processing. (Id. ¶ 34.) On March 3, 2025, Plaintiff Daryna Koval moved to the United States on her own. (Id.)

Plaintiffs brought this lawsuit on April 29, 2025, to compel Defendants to make a final determination on Plaintiff Siarhei Koval's visa application. Plaintiffs allege two causes of action for (i) unreasonable delay of Plaintiff Siarhei's visa application in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and (ii) relief under the Mandamus Act, 28 U.S.C. § 1361, to compel Defendants to adjudicate Plaintiff Siarhei's visa application under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1202(b). (Compl. ¶¶ 40-71.)

Section 1202(b) of the INA "imposes a mandatory duty to review and adjudicate visa applications." Azam v. Bitter, 2024 WL 912516, at *6 (D.N.J. Mar. 4, 2024); see also 8 U.S.C. §

1202(b) ("All immigrant visa applications shall be reviewed and adjudicated by a consular officer."). However, the INA "does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions." Dep't of State v. Munoz, 602 U.S. 899, 908 (2024). "This principle is known as the doctrine of consular nonreviewability." Id.

In their moving brief, Defendants assert that this Court lacks jurisdiction over this matter because the Department of State "has already adjudicated [Plaintiff Siarhei's] visa application by denying it[.]" (Def.'s Mov. Br. at 2.) In support, Defendants refer to the Department of State's Visa Status Check website which they argue states "A consular officer has adjudicated and refused your [*i.e.* Siarhei Koval's] visa application." (Id. at 2-3.) The Court independently reviewed the Department of State's Visa Status Check website upon receipt of Defendants' moving brief and confirmed that, at the time, the website provided:

> Immigrant Visa Case Number:    2025EU4695 02 BEN
> Case Created:                  29-Oct-2023
> Case Last Updated:             27-May-2025
>
> A U.S. consular officer has adjudicated and refused your visa application. Please follow any instructions provided by the consular officer. If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing. You will receive another adjudication once such processing is complete. Please be advised that the processing time varies and that you will be contacted if additional information is needed. For more information, please visit TRAVEL.STATE.GOV or the website for the Embassy or Consulate at which you made your visa application.
> For more information, please visit TRAVEL.STATE.GOV.[1]

Based upon this language, Defendants assert that the refusal and placement into administrative processing of Plaintiff Siarhei Koval's visa application discharged the duty to

---

[1] See U.S. DOS, Consular Electronic Application Center, Visa Status Check https://ceac.state.gov/CEACStatTracker/Status.aspx?App=IV.

adjudicate Plaintiff Siarhei's visa application and rely upon the D.C. Circuit's non-precedential opinion in <u>Karimova v. Abate</u>, 2024 WL 3517852, at *6 (D.C. Cir. July 24, 2024).  (<u>See</u> Def.'s Reply Br. at 2-3, 5-7.)

However, the Court notes that as of the filing of this Opinion & Order, the Department of State's Visa Status Check website now discloses the status of Plaintiff Siarhei Koval's visa application as follows:

> Immigrant Visa Case Number:     2025EU4695 02 BEN
> Case Created:                   29-Oct-2023
> Case Last Updated:              27-Aug-2025
>
> Your visa case is currently undergoing necessary administrative processing. This processing can take several weeks. Please follow any instructions provided by the Consular Officer at the time of your interview. If further information is needed, you will be contacted. If your visa application is approved, it will be processed and mailed/available within two business days. Under the U.S. Immigration and Nationality Act, Immigrant Visas for "Diversity Visas" cannot be issued after September 30th of the year in which you were selected to apply for a Diversity Visa. For example, entrants into the Diversity Visa Program in Fall of 2011 were selected for Diversity Visa 2012 Program, and selectees MUST apply and receive their visa prior to September 30, 2012 otherwise they lose eligibility to receive a Diversity Immigrant Visa, regardless of additional administrative processing. In addition, please note that some immigrant visas may not be able to be issued if the annual numerical limit for that category has been reached. For more information, please visit TRAVEL.STATE.GOV.[2]

In light of this, it is unclear to this Court whether the D.C. Circuit's non-precedential opinion in <u>Karimova v. Abate</u>, is applicable since it now appears ambiguous as to whether or not Plaintiff Siarhei Koval's visa application has been refused according to the Department of State's Visa Status Check website.

---

[2] <u>See</u> <u>id.</u> (last visited on August 28, 2025).

Therefore, the Court will reserve decision on Defendants' Motion and directs both parties to submit supplemental briefing of no more than three (3) pages addressing the import of this information by September 12, 2025.

      s/Stanley R. Chesler<br>
STANLEY R. CHESLER, U.S.D.J.

Dated: August 28, 2025